UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH KRUPA,

        Plaintiff,                              Case Number 04-10066-BC
                                                    Honorable David M. Lawson

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR AN AWARD OF BENEFITS

The plaintiff filed the present action on March 15, 2003 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award him benefits or, in the alternative, remand the matter for further proceedings. The defendant filed a motion for summary judgment requesting affirmance of the Commissioner's decision. Magistrate Judge Binder filed a report and recommendation on January 18, 2005 recommending that the plaintiff's motion for summary judgment be granted, the defendant's motion for summary judgment be denied, the findings of the Commissioner be reversed, and the case be remanded for further administrative proceedings. The defendant filed timely objections to the recommendation, and this matter is now before the Court.

The Court has reviewed the file, the report and recommendation, the defendant's objections, and has made a *de novo* review of the administrative record in light of the parties' submissions. The defendant's objections challenge only one aspect of the magistrate judge's report: the magistrate judge's conclusion that the Administrative Law Judge (ALJ) made inconsistent findings with respect to the plaintiff's residual functional capacity to perform work. The defendant contends that although the ALJ at times stated the plaintiff was able to perform *light* work and at other times concluded that the plaintiff could perform *sedentary* work, the ALJ's ultimate determination that the plaintiff is capable of performing gainful activity was correct. Any inconsistency, the defendant asserts, can be reconciled because an ability to perform light work also means the ability to perform sedentary work.

The Court disagrees with the defendant's assessment of the record. On two occasions in his decision, the ALJ found that the plaintiff could perform a range of *sedentary* work. Tr. at 20, 21. Although the ALJ also stated that the plaintiff could perform light work, that determination is not supported by substantial evidence in the record. As the magistrate judge observed, a residual functional capacity for sedentary work, given the plaintiff's age, education and skills, requires a finding of "disabled" under the Commissioner's Medical-Vocational Guidelines. *See* 20 C.F.R. Pt. 404, Subpt. P, Appx. 2, § 201.14. The case, therefore, should be remanded for an award of benefits.

The plaintiff, presently fifty-three years old, applied for a period of disability and disability insurance benefits on January 29, 1999 when he was forty-seven years old. He had worked for twenty-eight years as an electrician for General Motors. The plaintiff last worked on July 29, 1998, the date on which he initially alleged he became disabled. That date was later amended to June 22, 2001, the plaintiff's fiftieth birthday, during the first administrative hearing. In 1994, the plaintiff

-2-

began suffering from cervical pain after he was struck by a piece of air duct at work. The plaintiff also sustained an injury to the left shoulder. That year, the plaintiff underwent surgery to repair tears to his rotator cuff and left shoulder muscles. In 1995, the plaintiff's right rotator cuff was surgically repaired, and in December 1997, the plaintiff injured his neck. In July 1998, the plaintiff was diagnosed with and treated for depression. In June 2001, the plaintiff was struck by an automobile.

In his application for benefits, the plaintiff alleged that he was unable to work due to cervical radiculopathy, inability to use the right arm, and major recurrent depression. The application was denied, and the plaintiff appeared before ALJ Robert D. Stalker, who determined that the plaintiff was not disabled in a decision dated March 29, 2001. On March 16, 2002, the Appeals Council remanded the case for further proceeding to consider the plaintiff's mental impairment and to obtain updated medical evidence and the assistance of a medical or vocational expert if necessary.

On February 3, 2003, the plaintiff, then fifty-one years old, appeared before ALJ John A. Ransom pursuant to the Appeals Council's ordered remand. ALJ Ransom filed a decision on July 22, 2003 in which he found the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since June 22, 2001, the amended disability onset date (step one); the plaintiff suffered from degenerative disc disease, status post bilateral rotator cuff surgery, bilateral carpal tunnel syndrome, and depression, which were "severe" within the meaning of the Social Security Act (step two); none of these impairments alone or in combination met or equaled a Listing in the regulations (step three); and the plaintiff was unable to perform his past relevant work as an electrician (step four).

The ALJ then set out to determine the plaintiff's residual functional capacity. He said that he would consider the summary of the medical evidence from the first administrative hearing, but not the findings or conclusions. He then found that the plaintiff's allegations concerning his limitations were "generally credible to the extent they are consistent with the residual functional capacity as described," Tr. at 19, and concluded that the plaintiff "retains the residual functional capacity to perform *light* work provided a sit/stand option and does not require repetitive bending, twisting or turning, pushing or pulling, gripping or grasping, work at overhead." *Ibid.* (emphasis added). However, a few paragraphs later, the ALJ stated:

> Based upon the plaintiff's residual functional capacity, he is capable of performing a significant range of *sedentary* work as defined in 20 C.F.R. § 404.1567.
>
> If the claimant were capable of performing the full range of light work, a finding of "not disabled" would be directed by the Medical-Vocational Guidelines. The claimant's ability to perform all or substantially all of the requirements of *sedentary* work is impeded by additional exertional and/or non-exertional limitations.

Tr. at 20 (emphasis added). Then, summarizing his findings, the ALJ declared:

> 7. The claimant retains the residual functional capacity to perform *light* work provided a sit/stand option and does not require repetitive bending, twisting or turning, pushing or pulling, gripping or grasping, work at overhead level. The job cannot involve production line work with the use of the upper extremities and it must be a low stress job.
> . . .
>
> 12. The claimant has the residual functional capacity to perform a significant range of *sedentary* work (20 C.F.R. § 416.967).

Tr. at 21 (emphasis added).

In applying the fifth step, the ALJ relied on the testimony of a vocational expert and found that although the plaintiff's exertional limitations prevented him from performing the full range of sedentary work, there was a significant number of jobs in the regional economy that fit within these

limitations such as office clerk and attendant. Based on that finding and using the Medical Vocational Guidelines found at 20 C.F.R. Pt. 404, Subpt. P, App. 2, Section 201.14 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on February 19, 2004.

The plaintiff has the burden to prove that he is disabled and therefore entitled to benefits. *Boyes v. Sec'y of Health & Human Servs.,* 46 F.3d 510, 512 (6th Cir. 1994); *Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir. 1990). Under 42 U.S.C. § 423(d)(1)(A) & (B), a person is disabled if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" and the impairment is so severe that the person "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful activity which exists in the national economy." Further, "[a] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(1)(C).

To determine disability, the Commissioner has prescribed the five-step process noted above and set forth in 20 C.F.R. § 404.1520. However, if the plaintiff has satisfied his burden through the first four steps of the analytical process, the burden shifts to the Commissioner to establish that the plaintiff possesses the residual functional capacity to perform other substantial gainful activity. *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). *See also Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980). "To meet this burden, there must be a finding

supported by substantial evidence that plaintiff has the vocational qualifications to perform specific jobs." *Varley,* 820 F.2d at 779 (internal quotes and citations omitted).

The ALJ, acting for the Commissioner, concluded that the plaintiff was not disabled. The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). *See also Lashley v. Sec'y of Health & Human Servs.,* 708 F.2d 1048, 1053 (6th Cir. 1983). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir. 1997).

The magistrate judge suggested that the ALJ's findings were inconsistent and that a remand for further proceedings is necessary to clear up the confusion. The Court agrees that the ALJ's opinion is confusing since it can be read as finding that the plaintiff is limited to sedentary work and also can perform light work. However, the Court believes that a remand is not necessary because a finding that the plaintiff can perform work at the light exertional level is not supported by substantial evidence.

The administrative record includes statements from the plaintiff's treating and examining physicians describing his ability to work. For instance, Dr. R. Scott Lazzara found in May 1998 that the plaintiff was "limited from doing duties which require heavy lifting or carrying and prolonged ambulation." Tr. at 144. Dr. John Bonema reported in May 1999 that the plaintiff "is now unable to work." Tr. at 150. Dr. Jeffrey Levin opined in December 1998 that the plaintiff "is not a good candidate to return to work." Tr. at 169. These statements are conclusory and not binding on the

-6-

ALJ. However, there are only two functional assessments in the administrative record that are based on the plaintiff's physical disabilities. The first is from S. A. Daniel, M.D. dated December 22, 1999, and it concludes that the plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, stand or walk for at least two hours of an eight-hour day, and sit about six hours of an eight-hour day. Tr. at 210. The second assessment is by a doctor whose name in illegible and reaches the same conclusions, except for the assessment of an ability to stand for six hours of an eight-hour day and an unlimited ability to push and pull. Tr. at 218. This later report was not mentioned by the ALJ, nor was it included in the summary of the medical evidence from the first administrative hearing. Only Dr. Daniel's report was cited by the ALJ at the first hearing. Tr. at 68.

The findings of Dr. Daniel are consistent with an ability to perform the lifting requirements of light work. According to 20 C.F.R. § 404.1567(b), light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." However, light work also "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Ibid.* On the other hand, jobs are sedentary if walking and standing are required "occasionally" and other sedentary criteria set forth in the regulations are met. 20 C.F.R. § 404.1567(a) ( stating that "[s]edentary work involves lifting no more than ten pounds at a time and occasionally carrying articles like docket files, ledgers, and small tools. . . ."). According to Social Security ruling (SSR) 83-10,

> "[o]ccasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than 2 hours of an 8-hour work day, and sitting should generally total approximately 6 hours of an 8-hour work day. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

The functional capacity assessment by Dr. Daniel, therefore, limited the plaintiff's capacity to sedentary work based on the exertional limitations he found. It appears that the ALJ accepted this assessment inasmuch as he included restrictions against pushing and pulling in his residual functional capacity findings, which were not included in the other functional assessment evaluation.

The ALJ also referred to the Commissioner's Medical-Vocational Guideline Rule 201.14 in concluding that a finding of "not disabled" was appropriate. Tr. at 20. The Medical-Vocational Guidelines, also referred to as the "Grid Rules," allows the Secretary to take "administrative notice" of the availability of jobs in the national economy that can be performed by individuals who have the personal characteristics that Congress deems relevant: the claimant's age, education, job experience, and functional capacity to work. *See* 42 U.S.C. §§ 423(d)(2)(B). *See Abbott,* 905 F.2d at 926. They come into play at step five of the sequential evaluation process at which the Commissioner must establish that the plaintiff possesses the residual functional capacity to perform substantial gainful activity. *Varley,* 820 F.2d at 779; *Allen,* 613 F.2d at 145. Grid Rule 201.14 is only applicable when the maximum sustained work capacity is limited to *sedentary* work.

In this case, the plaintiff was over fifty years old at the time of the last administrative hearing and thus "closely approaching advanced age," *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(g), he had a high school education, and according to the ALJ his prior work skills were not transferrable. Tr. at 21. Grid Rule 201.14, therefore, was indeed the correct rule to apply; but the Grid at that section directs a finding of "disabled." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.14. The ALJ's contrary decision constitutes an incorrect application of the proper legal standard.

Once the determination has been made that the Commissioner's decision fails to apply the correct legal standard or is not supported by substantial evidence, the Court must decide whether further fact-finding is required. "[I]f all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits," this Court may remand for an award of benefits. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994). *See also Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir. 1985) ("In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking."). In this case, the findings actually made by the ALJ require a determination of disability, as directed by Grid Rule 201.14. It is appropriate, therefore, to remand the matter for an award of benefits rather than for further proceedings, as the magistrate judge suggested.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion that the Commissioner's decision is not supported by substantial evidence. The Court agrees with the conclusion that substantial evidence does not support the ALJ's determination that the plaintiff is capable of performing gainful activity. However, the Court finds that the plaintiff is entitled to an award of benefits as of the amended disability onset date.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED IN PART**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 16] is **GRANTED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 14] is **DENIED**. The findings of the Commissioner are **REVERSED**, and the case is **REMANDED** for an award of benefits.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 19, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 19, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS

---